UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv223-RJC-DCK

| | |
|---|---|
| STEELFAB, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAPITAL CITY INSURANCE ) | |
| COMPANY, INC., a wholly owned ) | |
| subsidiary of North Point Holdings ) | ORDER |
| Corporation, itself a wholly owned ) | |
| subsidiary of QBE Holdings, Ind., itself a ) | |
| wholly owned subsidiary of QBE Insurance ) | |
| Group, Limited; and ASCENSION ) | |
| INSURANCE AGENCY, INC., as successor ) | |
| in interest in First Charter Insurance ) | |
| Services, Inc., as successor to Smith & ) | |
| Associates Insurance Services, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the defendants' Motions to Dismiss (Doc. Nos. 9, 11) and the plaintiff's Memorandums in Opposition (Doc. Nos. 21, 22). For the reasons that follow, the Court will **GRANT** the motions.

I.  BACKGROUND

Taking the allegations of the Complaint as true, plaintiff SteelFab, Inc., is a general contractor that was awarded a contract to erect the structural steel of certain buildings at Central Piedmont Community College (CPCC) in Charlotte, North Carolina. SteelFab then subcontracted with Contract Erectors on September 29, 2003, to provide a portion of the work on the project. Subsequently, Contract Erectors entered into a Commercial General Liability Insurance Agreement with Capital City Insurance ("the Agreement") via Capital City's authorized sales agency, Smith

& Associates. Additionally, Contract Erectors committed to name SteelFab as an "additional insured" in the Agreement. Smith & Associates then issued Certificates of Liability Insurance to SteelFab and provided Capital City with documents reflecting that SteelFab should be listed as an additional insured with respect to the CPCC Project.

On April 3, 2004, Rodney Sumner, an employee of Contract Erectors, broke his left femur while working on the CPCC job site and sustained permanent injuries. Sumner filed a lawsuit for personal injuries on April 2, 2007, naming Contract Erectors, SteelFab, and two others as defendants (hereinafter "Sumner lawsuit"). Both SteelFab and Contract Erectors made multiple requests for indemnification from Capital City Insurance, who denied coverage to both. Capital City failed to provide reasoning or analysis for its decision to deny coverage. As a result, Travelers Insurance Company ("Travelers"), SteelFab's general liability insurance carrier, provided the defense and indemnification of SteelFab.

The Sumner lawsuit was eventually settled on December 17, 2009, with Sumner receiving $175,000. Of the $175,000, Travelers paid Sumner $150,000 on behalf of SteelFab, and Contract erectors paid Sumner the remaining $25,000. In addition to the money paid to Sumner, SteelFab agreed to bring the instant lawsuit against Capital City, any proceeds of which would be divided between SteelFab, Sumner, and Sumner's lawyers, who agreed to represent SteelFab in the instant lawsuit. Pursuant to the settlement, Sumner's lawyers would receive 40% of any proceeds from this lawsuit, Sumner would receive 40%, and SteelFab would receive 20%.

## II.     STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court shall accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). The plaintiff's "[f]actual allegations must be

2

enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570.)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

Where a complaint contains well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief,' "and therefore should be dismissed." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Capital City challenges SteelFab's Complaint on the basis that it fails to allege that SteelFab incurred any damages. It is evident from the Complaint and SteelFab's briefs that Travelers Insurance Company provided SteelFab with a defense and indemnity against the Sumner lawsuit. SteelFab nonetheless contends that the Complaint clearly asserts it has incurred damages. To this end, SteelFab argues it is entitled to damages because it has an obligation to repay Travelers for the settlement money Travelers paid to Sumner on SteelFab's behalf. (Doc. No. 22 at 11). SteelFab

3

maintains that the existence of this obligation is "both evident from, and is a fair inference within the terms of, the Sumner Settlement." (Id.).

The Court fails to find any language in the Complaint or Sumner Settlement that leads to an inference that SteelFab is obligated to repay Travelers for the payout on SteelFab's behalf. Capital City points out that such an agreement is contrary to the basic nature of the insurance relationship. More importantly, SteelFab fails to allege such an obligation in the Complaint, and it provides no agreement evidencing this obligation. SteelFab does not allege damages aside from those purportedly incurred when Travelers paid the Sumner settlement. Because it does not claim a legal obligation to repay Travelers for the amount paid to Sumner, the settlement amount cannot be considered damages to SteelFab.

Capital City cites Fireman's Fund Insurance Company v. North Carolina Farm Bureau Mutual Insurance Company in its favor. 152 S.E.2d 513 (N.C. 1967). There, the court held that where an excess insurer paid for the defense of a personal injury suit on behalf of its insured, after coverage had been denied by the defendant's primary insurer, the excess insurer was not subrogated to the right of the insured. Therefore, the excess insurer could not recover from the primary insurer the fees that the excess insurer paid in defending the action. Id. at 516. SteelFab attempts to distinguish the instant case in that unlike here, in Fireman's Fund: (1) no demand of the primary insurer was made, and (2) the excess insurer, rather than the insured party, sued the primary insurer. The Court fails to see how this case impacts the determination.

SteelFab cites no case in its favor, resting instead on the contention that it owes Travelers the money that Travelers paid on its behalf. However, even in the light most favorable to SteelFab, it is implausible from the language of the Complaint that SteelFab would be required to repay Travelers for the amount it paid on SteelFab's behalf. The Complaint and the Sumner Settlement

4

fail to even hint at such an obligation, and SteelFab readily admits that it did not pay the settlement itself.

SteelFab has failed to allege that it incurred a personal legal obligation to repay Travelers for the settlement payment. Without any other allegation of damages, the Complaint fails to meet the amount-in-controversy requirement of 28 U.S.C. § 1332. The Court thus lacks subject-matter jurisdiction over this action. Pursuant to the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Where a federal court presides over a case that has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, the entire Complaint must be remanded to the state court.[1]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that this action is **REMANDED** to the General Court of Justice, Superior Court Division in and for Mecklenburg County, North Carolina, as this Court lacks subject-matter jurisdiction over the claims.[2]

---

[1] SteelFab does assert a separate "claim" for punitive damages in its Complaint, but "punitive damages" are not a cause of action under North Carolina law. See Hawkins v. Hawkins, 400 S.E.2d 472, 474 (N.C. Ct. App. 1991). Rather they are a serious remedy reserved for very limited circumstances. Because every other claim will be remanded, no other claim exists upon which a prayer for punitive damages may rest, and this portion of the Complaint will be remanded as well.

[2] In its briefs, SteelFab requests leave to amend its Complaint if the Court determines "that any part of the Complaint fails to state a claim upon which relief can be granted." (Doc. Nos. 22 at 16; 21 at 13). As the Local Rules of this District make clear, "Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading." Local Rules of the Western District of North Carolina, LcvR 7.1 (C) (2). In addition, the Court has not reached the merits of any of the claims, as it lacks subject-matter jurisdiction to do so. The Court thus denies SteelFab's request to amend the Complaint.

**SO ORDERED.**

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge